James L. Emerson Crawford County Counselor 2nd Floor, Courthouse P.O. Box 68 Girard, Kansas 66743
Dear Mr. Emerson:
As Crawford County Counselor, you request our opinion on the process by which individual county commissioners may lawfully hire their "own" road crews and supervisors. You inform us that Crawford County has a long history of maintaining three separate road crews, one for each of the commissioners, with a road supervisor and road crew hired by each commissioner. You also note that although each commissioner reviews and signs payroll records each month for their respective district, but the formal adoption of all warrants and payroll are done at the monthly meeting and require approval of the entire board. This latter practice has been questioned as a possible violation of the Kansas Open Meetings Act.
Our review will not focus upon the advisability of the policy in question.[1] Rather, we only address the legal issue presented: may individual county commissioners independently hire persons to work for the county as road supervisors or crew, and approve their payroll subject only to later ratification by the entire board.
K.S.A. 19-212 sets forth the basic powers and authority of the board of county commissioners.[2] Normally, unless otherwise impacted by specific statutes to the contrary, the powers vested in the board are exercised by a majority vote.[3] Thus, we must determine whether any existing statute requires that the hiring of county road crew supervisors or personnel be approved by a majority of the board of county commissioners, or whether such hiring and payment decisions can be legally delegated to individual commissioners.
K.S.A. 28-615 and 68-503 set forth the processes by which a county hires a county engineer.[4] However, we find no similar statute that dictates the process by which a county road supervisor or road crew must be hired.[5] K.S.A. 68-588 provides that "[t]he county commissioners are hereby authorized to contract, as provided by law, for the supervision of any work performed in the construction of any highway commenced under the provisions of K.S.A. 68-586. . . ." This statute does not dictate that there be only one road supervisor or road crew, per county, or prohibit the entire board from delegating hiring authority to individual commissioners.
K.S.A. 68-540 speaks to some of the duties of a county road supervisor:
 "It shall be the duty of the county engineer or road supervisor to make a written report to the board of county commissioners of the work accomplished and funds expended upon all the roads and bridges for the current year, which shall close on the thirty-first day of December of each year. This report shall show which roads of the county and township systems have been completed or partially completed, and credit to such roads shall be shown upon the county road plan not later than April 15, and a copy of the report shall be immediately forwarded to the state transportation engineer upon standard printed forms."[6]
The language in question uses the singular in referring to a road supervisor. However, K.S.A. 77-201 Third establishes a statutory construction rule that states "[w]ords importing the singular number only may be extended to several persons or things, and words importing the plural number only may be applied to one person or thing. . . ." Thus, we cannot conclude that the use of the singular "supervisor" in K.S.A. 68-540
precludes a county from hiring more than one person to serve in that capacity. Nor have we located any statute that requires a majority vote by a county commission any time the county wishes to hire someone to work on a road crew.
K.S.A. 19-212 empowers a county board of commissioners to conduct the affairs of the county. Unless otherwise constrained by law, how that is best done is a judgement and policy decision by the board. We have located no Kansas statutes, or other authority, that prohibit a majority vote by a county board of commissioners delegating to each commissioner the independent authority to hire three separate county road supervisors and road crews.
The final issue raised concerns the Kansas Open Meetings Act[7]
(KOMA) and how that law impacts the hiring done by a single commissioner. The KOMA prohibits a majority of a quorum of the county commission from secretly taking binding action.[8] It does not prohibit the delegation of hiring decisions to a single individual.
Thus, as long as the decision to permit such a practice becomes binding upon the county in conformity with the Kansas Open Meetings Act, it is our opinion that K.S.A. 19-212 permits a Board of County Commissioners to decide how many road supervisors and road crews best serve the interests of the county and that such a board may legally decide to delegate such hiring decisions to a single individual, including one of the three commissioners.
Sincerely,
 PHILL KLINE Attorney General of Kansas
 Theresa Marcel Nuckolls Assistant Attorney General
PK:JLM:TMN:jm
[1] It appears that the practice in question has largely been abandoned by most counties, in favor of a more consolidated county road department. However, the practice itself somewhat resembles the township model set forth in K.S.A. 68-530.
[2] E.g. K.S.A. 19-212 Sixth allows county commissioners to "represent the county and have the care of the county property, and the management of the business and concerns of the county, in all cases where no other provision is made by law."
[3] See, e.g., K.S.A. 19-117 (majority vote needed to impose specific fees); 65-3415f(f) (majority vote on tonnage fees); and K.S.A. 19-270
(majority vote needed to create a benefit district).
[4] K.S.A. 68-522 establishes the process by which the county pays road work associated bills: "All bills for county road work, tile and tiling, culvert and bridge construction, or for repairs designated by the county engineer, shall be filed in itemized form and certified to as correct by the county engineer before being allowed by the board, and before warrants in payment therefor are drawn."
[5] K.S.A. 68-520 and 68-521 address letting contracts for county road work, but do not require a specific process by which the county must hire county road supervisors or road crews.
[6] Emphasis added.
[7] K.S.A. 75-4317 et seq.
[8] K.S.A. 75-4317 a and 75-4318.